No. 166.—ELIAS O'NEILL et al. *v.* POLICE JURY OF THE PARISH OF
CADDO et al.

The city of Shreveport has no control over the public ferries across the Red river beyond the limits of the corporation.

The police jury of the parish of Caddo has the right to establish as many ferries across the Red river or other water courses, and outside of the corporation of Shreveport, and within the limits of the parish, as the public convenience may require.

APPEAL from the Tenth 'Judicial District Court, parish of Caddo. *Weems,* J. *Richard W. Turner,* and *Looney & Wells,* for plaintiffs and appellants, *Nutt & Leonard* and *J. W. Jones,* for appellees.

TALIAFERRO, J. It is averred by the plaintiffs that Elias O'Neill in July, 1867, leased for a term of seven years from the city of Shreveport and the parish of Bossier, at the annual sum of $4500 rent, the public ferry across Red river at Shreveport. That being in the discharge of his obligations under this contract of lease, his rights and privileges under the same have been infringed and great damage caused him by the police jury of the parish of Caddo, which has established a ferry across Red river within a few feet of the corporation line of Shreveport, and leased the same to T. E. Jacobs, who in conjunction with William Thatcher have the said ferry so established by the parish of Caddo in active operation, whereby the business and income of the ferry leased by him from the city of Shreveport is vastly reduced and rendered valueless to him. He prays judgment *in solido* against Thatcher, Jacobs and the police jury of Caddo for $16,000, and $150 per month for each month said ferry has been or may continue in operation. The plaintiffs call in the city of Shreveport as their guarantor in the premises, and pray judgment against it for $5000.

The defendants filed separate answers specially denying that they are in any manner liable to the plaintiffs on their demand. The answer on the part of the police jury of the parish of Caddo asserts its legal right to establish the ferry complained of; that the establishment of that ferry was called for to meet the public wants and convenience; that it would be against public policy and order to tolerate a monopoly in favor of the plaintiffs of the ferries across Red river within the limits of the parish of Caddo. It further claims in reconvention $2000 damages from the plaintiffs, amount of attorney's fees incurred in defending the plaintiffs' wanton and vexatious suit.

There was judgment for the defendants, and plaintiffs have appealed.

The only inquiry it seems to us is, has the plaintiff O'Neill, by law, any special franchise or privilege by which he is protected from competition in the use of the ferry he has leased, beyond the corporate limits of Shreveport?

We consider the act of 1805, granting to Parish Judges the right to grant licenses to ferrymen as superseded and repealed by later legislation and especially by the act of March, 1855.

We are unable to find any general law establishing a specific distance within which the keeper of a public ferry is secured against the establishment of any other public ferry. It would be difficult if not impracticable for the law maker to enact a law of that sort which could be beneficially carried out in practice. It is in the public interest that monopolies should be, as far as practicable, prevented and restrained. We are inclined to think from the evidence in the record that the police jury of the parish of Caddo acted upon this principle in establishing the ferry which gave rise to this controversy. We are satisfied that its establishment has redounded to the public advantage and to the general convenience of the community, considerations which must always prevail over personal interest and private cupidity. We find no law that sustains the pretensions of the plaintiffs, and we think they have no right to complain of the legitimate exercise of the powers of the police jury of the parish of Caddo in establishing a ferry outside of the corporate limits of Shreveport.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs.

Rehearing refused.